UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 534, | Case No. 1:15-cv-64 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| WAUGH EXCAVATING, LLC, | |
| Defendant. | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 9)

This civil action is before the Court on Plaintiff's motion for default judgment against Defendant Waugh Excavating, LLC. (Doc. 9). Defendant did not respond.

### I.      PROCEDURAL HISTORY

Plaintiff filed its complaint on January 29, 2015. (Doc. 1). On March 2, 2015, the Clerk sent a copy of the summons and complaint to Defendant by way of certified mail. (Doc. 3). On March 30, 2015, the mailing was returned as "unclaimed." (Doc. 5). On March 31, 2015, the Clerk sent a copy of the summons and complaint to Defendant by way of ordinary mail. (Doc. 6). *See* S.D. Ohio Civ. R. 4.2(c). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file and serve his answer no later than April 21, 2015. To date, no responsive pleading has been filed. On April 22, 2015, the Clerk entered default. (Doc. 8). Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 9).

## II.     FACTUAL BACKGROUND

Plaintiff Laborers' International Union of North America, Local 534 ("Local 534") is a "labor organization" as defined in the National Labor Relations Act ("NLRA") and the Labor Management Relations Act ("LMRA").  (Doc. 1 at ¶ 7).  *See* 29 U.S.C. §§ 142(3), 152(5).  Defendant Waugh Excavating, LLC ("Waugh") is a construction contractor performing many types of excavation tasks, including water line installation and maintenance, sewer installation and maintenance, taps, footers, basements, culvert installation, and the installation of many types of drainage pipe.  (*Id.* at ¶ 4).  Defendant Waugh is an "employer" for the purposes of the NLRA and LMRA.  (*Id.* at ¶ 5).  *See* 29 U.S.C. §§ 142(3), 152(2).

On or about May 23, 2013, Plaintiff Local 534, by and through Laborers' District Council of Ohio, entered into an agreement with Defendant Waugh whereby Defendant Waugh agreed to be bound by the 2013–2016 Ohio Highway-Heavy-Municipal and Utility Construction State Agreements (collectively, "2013–2016 CBA") between the Labor Relations Division, Ohio Contractors Association, and the Laborers' District Council of Ohio, and any successor agreement negotiated between the same parties. (Doc. 1 at ¶ 8).  The 2013–2016 CBA obligated Waugh to pay employees certain wages, make fringe benefit contributions on behalf of workers, submit to audits, abide by certain worker ratios, deduct union and working dues from its employees' wages and remit them to Local 534, and submit disputes to arbitration.  (*Id.* at ¶ 9).

According to certified payroll accounts generated by Defendant Waugh, it commenced work on the Gano Road Relief Sewer Project, located in Butler County, Ohio ("Butler County Project") on or about January 13, 2014 and last performed work on the project on or about August 30, 2014. (Doc. 1 at ¶¶ 2, 10, 11). Defendant Waugh failed to pay all the bargaining unit members' wages and fringe benefits that were due under the 2013–2016 CBA on the Butler County Project. (*Id.* at ¶¶ 12, 13). Defendant Waugh also failed to remit bargaining unit members' working dues that were payable to Plaintiff Local 534 under the 2013–2016 CBA on the Butler County Project. (*Id.* at ¶ 14). Further, Defendant Waugh transferred bargaining-unit work on the Butler County Project to non-bargaining unit members. (*Id.* at ¶ 15).

On July 30, 2014 and August 4, 2014, Local 534 presented Defendant Waugh with three grievances concerning its failure to abide by, and complete repudiation of, the 2013–2016 CBA. (Doc. 1 at ¶ 16). As of the filing of the complaint, Defendant Waugh failed and refused to respond to these grievances or to proceed with arbitration of the grievances. (*Id.* at ¶ 17).[1]

Local 534 initiated this action for breach of a collective bargaining agreement pursuant to Section 301 of the LMRA, 29 U.S.C. § 185. (Doc. 1). Plaintiff seeks a declaratory judgment, damages, the costs of this action, and reasonable attorneys' fees,

---

[1] Defendant Waugh manifested its intent to completely repudiate the 2013–2016 CBA on the Butler County Project by: failing to abide by key-person and local-workforce ratios; failing to pay proper wages, including overtime wages after ten hours worked in one workday; transferring bargaining-unit work to non-bargaining-unit employees; failing to pay fringe benefits; failing to remit working dues to Local 534; and failing to process grievances and proceed to arbitration. (*Id.* at ¶ 18).

3

or, in the alternative, an order compelling Defendant Waugh to arbitrate Plaintiff Local 534's grievances. (*Id.*) [2]

### III. STANDARD OF REVIEW

Fed. R. Civ. P. 55(b)(2) governs applications for default judgment. Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b)(2), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010) (citations omitted). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

---

[2] The collective bargaining agreement at issue here contains a grievance-and-arbitration procedure. However, courts do not require a union to exhaust a grievance-and-arbitration procedure where it would be futile: that is, where an employer has manifested its intent to completely repudiate the collective bargaining agreement. *E.g.*, *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n Local 307 v. G & M Roofing & Sheet Metal Co., Inc*., 732 F.2d 495 (6th Cir. 1984). In any event, Defendant has not raised any objection to proceeding to judgment in this forum. As such, the Court finds that it is proper to hear and decide this matter.

## IV. ANALYSIS

Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Plaintiff asks the Court to enter default judgment against Defendant in the amount of $9,524.93. (Doc. 9). As established by the facts set forth in the complaint as well as the declaration and supporting documentation submitted by Plaintiff, Plaintiff is entitled to damages for Defendant's default.

In a declaration (Doc. 9-1), Jerry Bowling, Plaintiff's business manager, describes the damages to Local 534 and its membership resulting from Defendant Waugh's breach and itemizes those damages in a spreadsheet. (Doc. 9-2). Bowling sets forth Plaintiff's damages as follows:

| | | |
|---|---|---|
| Working Dues: | $1,609.03 | (Doc. 9-1 at ¶¶ 5-6; Doc. 9-2) |
| Worker Ratio: | $6,005.88 | (Doc. 9-1 at ¶¶ 7-8; Doc. 9-2) |
| <u>Premium Pay:</u> | <u>$1,910.03</u> | (Doc. 9-1 at ¶¶ 9-10; Doc. 9-2) |
| GRAND TOTAL: | $9,524.93 | (Doc. 9-1 at ¶ 14; Doc. 9-2) |

The Court finds that Plaintiff has presented sufficient evidence of its damages resulting from Defendant's breach of the collective bargaining agreement and that Plaintiff is entitled to judgment in the amount of $9,524.93.

### V.     CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiff's motion for default judgment against Defendant Waugh Excavating, LLC (Doc. 9) is **GRANTED**;

2. Plaintiff is awarded judgment against Defendant Waugh Excavating, LLC in the amount of **$9,524.93**; and

3. The Clerk shall enter judgment accordingly, whereupon this civil action is **CLOSED** in this Court.

**IT IS SO ORDERED.**

Date:  5/26/2015         _/s/Timothy S. Black_____
                                     Timothy S. Black
                                     United States District Judge