UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 534 | : : : : | Case No. 1:15-cv-64 Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| WAUGH EXCAVATING, LLC, | : : | |
| Defendant. | : | |

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**
**(Doc. 12)**

This civil action is before the Court on Plaintiff Laborers' International Union of North America, Local 534's motion for attorney's fees. (Doc. 12). Defendant Waugh Excavating, LLC did not respond.

### I.     BACKGROUND

Plaintiff initiated this civil action for breach of a collective bargaining agreement pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. (Doc. 1). Defendant failed to answer, and the Clerk docketed an entry of default. (Doc. 8). Subsequently, Plaintiff moved for entry of default judgment. (Doc. 9).

Because Defendant had defaulted, the Court deemed the factual allegations set forth in the complaint, except those related to the amount of damages, as true *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).  Accordingly,

the Court found that Plaintiff entered into an agreement with Defendant whereby Defendant agreed to be bound by a collective bargaining agreement (CBA). (Doc. 10 at 2). The CBA obligated Defendant to pay employees certain wages, make fringe benefit contributions on behalf of workers, submit to audits, abide by certain worker ratios, deduct union and working dues from its employees' wages and remit them to Plaintiff, and submit disputes to arbitration. (*Id.*)

The Court also found that Defendant had failed and refused to respond to Plaintiff's grievances or to proceed with arbitration. (Doc. 10 at 3). This, along with other failures to act by Defendant, manifested Defendant's intent to repudiate the CBA. (*Id.* at 3 n.1). The Court determined that Plaintiff was entitled to damages in the amount of $9,524.93 due to Defendant's breach of the CBA. (*Id.* at 6). On May 26, 2015, the Clerk entered a judgment in that amount. (Doc. 11).

Plaintiff has successfully collected the entire judgment amount through garnishments. (Doc. 12-1 at ¶¶ 12–13). In the instant motion, Plaintiff seeks an award of attorney's fees in the amount of $11,221.85, which it incurred in obtaining and collecting the judgment. (*See* Docs. 12, 12-1).[1]

## II. ANALYSIS

"Under the American Rule it is well established that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Summit Valley Indus. v. United Bhd. of Carpenters & Joiners*, 456 U.S.

---

[1] This motion was filed within 45 days after the entry of judgment as required by S.D. Ohio Civ. R. 54.2.

717, 721 (1982). Section 301 of the LMRA does not contain an explicit attorney-fee shifting provision. *See* 29 U.S.C. § 185. However, a court may award attorney's fees in a Section 301 case where a party pursues or defends the lawsuit in bad faith or without justification. *Knollwood Cemetery v. United Steelworkers*, 789 F.2d 367, 369 (6th Cir. 1986). In reviewing an award of attorney's fees in a Section 301 case, the Sixth Circuit explained:

> This court in *Ray A. Scharer and Co. v. Plabell Rubber Products*, 858 F.2d 317, 320 (6th Cir. 1988), explained [the bad faith] exception by stating that the "normal [American] rule does not apply, however, where a party or counsel have acted in bad faith in the instigation or conduct of litigation, and in those circumstances, the court has the inherent authority to assess an award of attorney fees against either the litigant or his attorney." (citations omitted). The court went on to say that "[a]n award of attorney's fees . . . is an <u>extreme sanction, and must be limited to truly egregious cases of misconduct</u>." *Id.* (citation omitted).

*Monroe Auto Equip. Co. v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 981 F.2d 261, 270 (6th Cir. 1992) (emphasis added).

There are three categories of bad faith: "(1) bad faith occurring during the course of the litigation; (2) bad faith in bringing an action or in causing an action to be brought; and (3) bad faith in the acts giving rise to the substantive claim." *Shimman v. Int'l Union of Operating Eng'rs, Local 18*, 744 F.2d 1226, 1230 (6th Cir. 1984). Courts have "consistently recognized attorney fees as awardable where a meritless claim or defense is maintained in bad faith." *Id.* at 1230. However, the Sixth Circuit does not allow an award of attorney's fees based solely

3

on the third category—bad faith in the acts giving rise to the substantive claim. *Id.* at 1233.

Plaintiff sets forth two theories in support of its argument for attorney's fees. First, Plaintiff argues that Defendant acted in bad faith by knowingly and willfully repudiating the CBA and subsequently ignoring Plaintiff's complaint. Second, Plaintiff argues that Defendant admitted that it acted in bad faith when it failed to reply to requests for admissions. The Court will address these arguments in turn.

**A.      Defendant's Failure to Respond to Plaintiff's Grievances and the Complaint**

Plaintiff contends that Defendant acted in bad faith by knowingly and willfully refusing to process Plaintiff's grievances concerning Defendant's repudiation of the CBA. (Doc. 10 at 3). However, bad faith in the conduct that gave rise to the underlying claim does not provide a basis for an award of attorney's fees. *Shimman*, 744 F.2d at 1233. Therefore, Defendant's repudiations of the CBA and its refusal to process Plaintiff's grievances pursuant to the CBA's arbitration provision do not support a finding of bad faith for purposes of attorney's fees.

Plaintiff also contends that Defendant's refusal to respond to the complaint was an act of bad faith because it was meant to harass and annoy bargaining unit members. (Doc. 12 at 3). Plaintiff cites several cases for the proposition that fees are often awarded in Section 301 cases where a losing or defaulting party acts in

bad faith or without justification. (Doc. 12 at 2). Of these, only *Knollwood* controls.

In *Knollwood*, a union claimed that its employer acted in bad faith by refusing to comply with an arbitrator's award, but the Sixth Circuit held that the employer had not acted in bad faith because the employer had a basis for seeking independent judicial review of the arbitrator's decision. 789 F.2d at 370. Thus, *Knollwood* does not illustrate the circumstances under which a court should grant fees. Instead, the court merely reiterated the bad faith exception to the American Rule, which the court ultimately found inapplicable to the case before it. *Id.* at 369. In fact, in all but one of the other cases Plaintiff cited, there were neither findings of bad faith nor awards of attorney's fees.[2]

In the case in which fees were awarded, the court relied on the defendant's belated response to the plaintiff's demands for arbitration as a basis for its finding of bad faith. *Int'l Bhd. Teamsters, Local Union No. 727 v. Duchossois Indus. Inc.*, No. 92 C 8143, 1993 U.S. Dist. LEXIS 1822, at *4-5 (N.D. Ill. Feb. 12, 1993). There, the defendant did not reply to repeated demands for arbitration, thus forcing the plaintiffs "to petition [the] court to enforce a contractual right to which it was unquestionably entitled" by the terms of the

---

[2] Plaintiff cites *Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Bros. Co.*, 625 F.2d 1092 (10th Cir. 1980) and *Glass, Pottery, etc., v. Deena Products Co.*, 638 F. Supp. 34 (W.D. Ky. 1986). In *Stroehmann Bros.*, the court did not award attorney's fees for bad faith, but remanded on that basis. 625 F.2d at 1094. *Glass, Pottery, etc.* cited *Stroehmann Bros.* in acknowledging that attorney's fees could be awarded, but ultimately it too did not find that they were warranted in the absence of a clear showing of bad faith. 638 F. Supp. at 36-37.

relevant CBA. *Id.* at *5. Because the defendant replied to the demands only after the plaintiff escalated the dispute to federal court, the court inferred that the defendant's prior failure to reply to the plaintiff's demands for arbitration was motivated by a desire to harass the plaintiff. *Id.*

*Int'l Bhd. Teamsters, Local Union No. 727 v. Duchossois Indus., Inc.*, No. 92 C 8143, 1993 LEXIS 1822, at *4-5 (N.D. Ill. Feb, 12, 1993), is distinguishable from the instant case because it did not involve a default judgment, and because the defendant's affirmative conduct of responding only once litigation had commenced tended to show that its tactic of ignoring the plaintiff's earlier communications had been a ruse. Here, there is no affirmative conduct on which to base an inference of Defendant's motive. <u>If silence, without more, constituted bad faith, then every default judgment would require an award of attorney's fees, and the American Rule would be effectively abrogated.</u>[3] <u>That is not the law</u>, and the Court declines to infer that failure to respond to Plaintiff's complaint demonstrates the requisite bad faith.

**B.   Unanswered Requests for Admissions**

Plaintiff argues that by failing to respond to its requests for admissions, Defendant has conceded that its actions and omissions before and during the

---

[3] *See Int'l Union of Operating Engineers, Local 965 v. S. Crider Construction & Supply*, No. 13-3425, 2014 WL 2609824, at *3 (C.D. Ill. June 11, 2014) (holding that an attorney was not owed fees in Section 301 litigation because "the Court refuses to infer bad faith—a specific type of conduct—from silence—the absence of conduct. . . . [W]ithout more, the Court will not 'infer' a motive of bad faith from Defendant's failure to respond to Plaintiff's Petition and will not award attorney's fees.").

instant litigation constitute bad faith. (Doc. 12 at 2). In its requests for admissions, Plaintiff asked Defendant to admit that it acted in bad faith and without justification by knowingly and willfully refusing to process Plaintiff's grievances. (Doc.12-9 at ¶¶ 1-2). Plaintiff also asked Defendant to admit that it acted in bad faith and without justification in the course of litigation by knowingly and willfully refusing to answer the complaint. (*Id.* at ¶¶ 3-5).

If a party fails to respond to a request for admission within thirty days of being served, the matters asserted therein are deemed admitted. Fed. R. Civ. P. 36(a)(3). However, a party may not engage in discovery before the parties have conferred as required by Federal Rule of Civil Procedure 26(f), subject to certain exceptions not relevant here. Fed. R. Civ. P. 26(d)(1).

The Court granted Plaintiff's motion for default judgment on May 26, 2015. No 26(f) conference had taken place. Nonetheless, Plaintiff sent requests for admissions to Defendant two days later, on May 28, 2015. Because Plaintiff did not have leave of Court to undertake discovery, the matters asserted in Plaintiff's requests are not considered admitted for purposes of determining whether Defendant acted in bad faith.

Because Plaintiff has not shown that Defendant acted in bad faith or without justification during the course of this litigation, Plaintiff is not entitled to recovery of attorney's fees.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff Laborers' International Union of North America, Local 534's motion for attorney's fees (Doc. 12) is **DENIED.**

**IT IS SO ORDERED**.

Date:  11/16/15                                                                 *s/ Timothy S. Black*
                                                                                                Timothy S. Black
                                                                                                United States District Judge